NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

23-P-326                                          Appeals Court

   VINCENT CARINI & another[1]  vs.  BRISTOL COUNTY SAVINGS BANK &
                            another.[2]


            No. 23-P-326.      March 22, 2024.


Mortgage, Foreclosure.  Notice, Foreclosure of mortgage.  Real
     Property, Mortgage.  Practice, Civil, Summary judgment.


        The plaintiffs appeal from the dismissal, after cross
motions for summary judgment, of their claims seeking to
invalidate a foreclosure sale.  In essence, the plaintiffs argue
that a notice of default sent on February 4, 2021, did not
strictly comply with the statutory requirement that
reinstatement be permitted up until foreclosure or with the
requirements of paragraphs 19 and 22 of the mortgage.  We
conclude that the plaintiffs were entitled to only one statutory
right to reinstate within a five-year period, that they had
already received that right, and that the requirements of
paragraphs 19 and 22 of the mortgage were satisfied;
accordingly, we affirm.

        The pertinent undisputed facts are as follows.  On
September 1, 2015, defendant Bristol County Savings Bank
(lender) and the plaintiffs executed a promissory note
reflecting a $300,000 loan to the plaintiffs repayable in
monthly installments over thirty years, which was secured by a
mortgage on property located in Dracut.  Among other things,
paragraph 19 of the mortgage gave the plaintiffs the right to
reinstate the loan up to five days before the lender exercised
its power of sale provided the plaintiffs satisfied certain

_____

        [1] Casey Godzyk.

        [2] Forest View Realty LLC.

conditions, including curing any default and paying all amounts due as well as certain fees and costs. Paragraph 22 of the mortgage, in relevant part, required the lender to provide notice prior to acceleration of the mortgage and specified the required contents of such notice, including that the plaintiffs be informed that they had the right to reinstate the loan after acceleration. Paragraph 22 also provided,

> "If the default is not cured on or before the date specified in the notice, [the] [l]ender at its option may require immediate payment in full of all sums secured by this [mortgage] without further demand and may invoke the [statutory power of sale] and any other remedies permitted by [a]pplicable [l]aw."

The plaintiffs fell behind on their mortgage payments multiple times. They received an August 4, 2017 right to cure letter that afforded them the right to avoid foreclosure by paying the full amount due at any time before the foreclosure sale. They also received a November 29, 2017 notice that they were in default and that the failure to pay the amount then due would result in acceleration, as well as the lender's right to exercise the statutory power of sale without further notice. On January 11, 2018, the plaintiffs reinstated the loan by making the required payment.

By July 3, 2018, the plaintiffs had again fallen behind on their payments, and the lender sent a notice of default that demanded payment, notified the plaintiffs that the failure to pay would result in acceleration and the lender's right to exercise the statutory power of sale, and notified the plaintiffs of their right to reinstate after acceleration. The plaintiffs again reinstated the loan by making the required payment on January 16, 2019, the day before the scheduled foreclosure.

A similar sequence of events occurred again, culminating in the plaintiffs' reinstating their loan for a third time on February 14, 2020.

The plaintiffs then fell behind on their payments again. On February 4, 2021, the lender sent the notice of default that is at the heart of this case. That letter stated in pertinent part that the plaintiffs "ha[d] the right to reinstate [their] loan after acceleration of [the] [n]ote and [m]ortgage up to five (5) days before the foreclosure sale." Ultimately, the plaintiffs did not cure the deficiency, and the property was

sold at a foreclosure auction to defendant Forest View Realty LLC. The plaintiffs then brought this suit asserting claims for improper exercise of the statutory power of sale, breach of the mortgage, and violation of G. L. c. 244, § 35A. As we have already noted, the claims were dismissed on cross motions for summary judgment.

On appeal, the plaintiffs contend that the February 4, 2021 letter, by giving a right of reinstatement only up to five days before the foreclosure sale (as opposed to up to the foreclosure sale itself), failed to comply strictly with G. L. c. 244, § 35A (c) (8),[3] or with paragraphs 19 and 22 of the mortgage. It follows, they argue, that the subsequent foreclosure sale was invalid.

"[I]n light of 'the substantial power that the statutory scheme affords to a [mortgagee] to foreclose without immediate judicial oversight, we adhere to the familiar rule that one who sells under a power [of sale] must follow strictly its terms'; the failure to do so results in 'no valid execution of the power, and the sale is wholly void'" (quotation omitted). Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 232-233 (2015), quoting U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011). "[A]ny notice given pursuant to [the] . . . [m]ortgage, regardless of whether hybrid, must be accurate and not deceptive." Thompson v. JPMorgan Chase Bank, N.A., 486 Mass. 286, 293 (2020).

As the plaintiffs point out, "the longer time for reinstatement specified by G. L. c. 244, § 35A -- any time prior to the foreclosure sale -- constitutes controlling and applicable law that supersedes [any] conflicting provision[s] of the mortgage contract." Thompson, 486 Mass. at 288. But Thompson, which involved only a single episode of default, does not control the case at hand because borrowers are entitled to a § 35A notice and right to cure only once during any five-year period. See G. L. c. 244, § 35A (a). Where, as here, borrowers have already received a § 35A notice and right to cure within the specified time frame, they are "not entitled to another § 35A notice and right to cure" within the same period. Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 508 (2019) (applying previous version of § 35A, which had three-year

_____

[3] "The notice required in subsection (b) shall inform the mortgagor of the following: . . . that the mortgagor may redeem the property by paying the total amount due, prior to the foreclosure sale." G. L. c. 244, § 35A (c) (8).

period).  Thus, the February 4, 2021 letter was not required by § 35A, and need not be measured against that statute's provisions.

What remains are the requirements of paragraphs 19 and 22 of the mortgage.[4]  At oral argument, counsel for the plaintiffs conceded that he could point to no specific provision of those paragraphs with which the February 4, 2021 letter did not comply.  Nor can we see any.  The letter gave notice of all matters required under paragraph 22, including the right to reinstate the loan after acceleration provided payment was made up to five days before a foreclosure sale, in accordance with paragraph 19.[5]

For these reasons, summary judgment was correctly allowed in favor of the defendants.

Judgment affirmed.

Todd S. Dion for the plaintiffs.
Geoffrey W. Millsom for Bristol County Savings Bank.
Rick M. Seccareccio, for Forest View Realty LLC, was present but did not argue.

---

[4] The plaintiffs appear to press an additional argument that the February 4, 2021 letter was not mailed in the fashion required by paragraph 15 of the mortgage.  Suffice it to say that this argument is not borne out by the summary judgment record.

[5] Deciding as we do, we need not consider the plaintiffs' additional argument that the judge erred in allowing summary judgment on the alternate ground of unclean hands.